UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

Northern DIVISION

Christian Marie Banley,
Joshua Banley, Pamela
& Thaddeus Banley

_____ )
_____ )
_____ )
(Enter the full name of the Plaintiff[s] in this action)

vs.

DSS-CPS- Ethan Bohle, Rachelle
Heinman, Ashley Zens, Aberdeen
Police Department, Karla Nelson
Tony Portra, Chris Dohrer, Christy
Serr

(Enter the full name of **ALL** Defendant[s] in this
action. Fed. R. Civ. P. 10(a) requires that the
caption of the complaint include the names of all
the parties. Merely listing one party and "et al." is
insufficient. Please attach additional sheets if
necessary.)

Case No. 1:25-cv-1020
(To be assigned by
Clerk of District Court)

COMPLAINT

I.   State the grounds for filing this case in Federal Court (include federal statutes and/or
U.S. Constitution provisions, if you know them. Fed .R .Civ. P. 8(a)(1) requires a
short and plain statement of the grounds for the court's jurisdiction.):

Please see attached

1

DSD 12-12

II.    Plaintiff,_____ resides at

_____
            (street address)

_____,_____,
(city)                              (county)

_____,_____,_____
(state)            (zip)      (telephone number)

(If more than one plaintiff, provide the same information for each plaintiff below)

_____ Please See attached _____

_____

_____

_____

_____

_____

_____

_____

III.    Defendant, _____resides at, or its business is located at

_____
(street address)

_____,_____,
(city)                              (county)

_____,_____,_____
(state)            (zip)    (telephone number)

(If more than one defendant, provide the same information for each defendant below)

_____ Please See attached _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

2

DSD 12-12

**Plantiffs**

Christian M Banley
1549 S. Grant St
Aberdeen, SD, 57401
Brown County
605-595-2583
banleychristian@gmail.com


Pamela & Thaddeus Banley
13601 387th Ave Lot 16
Aberdeen, SD, 57401
Brown County
605-377-8405
605-290-8741
tbanleyr@gmail.com


Joshua Banley
1549 S. Grant St.
Aberdeen, SD,57401
Brown County
605-290-1920
jbanley@icloud.com


**Defendants**

Department of Social Services- Aberdeen, SD
Child Protective Services
3401 10th Ave SE
Aberdeen, SD, 57401
Brown County
605-626-3160
OFFICIAL CAPACITY

Ethan Bohle
Caseworker
3401 10th Ave SE
Aberdeen, SD, 57401
Brown County
605-626-3160
INDIVIDUAL CAPACITY & OFFICIAL CAPACITY

Rochelle Heinman
Intake Caseworker
3401 10th Ave SE
Aberdeen, SD, 57401
Brown County
605-626-3160
INDIVIDUAL CAPACITY & OFFICIAL CAPACITY

Ashley Zens
Supervisor
3401 10th Ave SE
Aberdeen, SD, 57401
Brown County
605-626-3160
INDIVIDUAL CAPACITY & OFFICIAL CAPACITY

Karla Nelson
Brown County Deputy States Attorney
22 Court St #2
Aberdeen, SD, 57402
Brown County
605-626-7130
INDIVIDUAL CAPACITY  & OFFICIAL CAPACITY

Judge Tony Portra
5th Judicial Court Judge (Retired)
101 1st Ave SE
Aberdeen, SD, 57401
Brown County
605-626-2451
INDIVIDUAL CAPACITY & OFFICIAL CAPACITY

Aberdeen Police Department
Police Officers
114 2nd Ave SE
Aberdeen, SD, 57401
Brown County
605-626-7900
OFFICIAL CAPACITY


Children's Home Society of South Dakota
Residential Treatment Group Home
801 N Sycamore Ave
Sioux Falls, SD, 57110
Minnehaha County
605-334-6004
OFFICIAL CAPACITY


Chris Dohrer
Attorney at Law for Christian
418 S. Main St
Aberdeen, SD, 57401
Brown County
605-226-1673
INDIVIDUAL CAPACITY & OFFICIAL CAPACITY


Christy Griffin-Serr
Attorney at Law, Guardian at litem for Joshua
418 S. Main St
Aberdeen, SD, 57401
Brown County
605-226-1673
INDIVIDUAL CAPACITY & OFFICIAL CAPACITY


The Estate of Dana Hanna
Attorney for the Cheyenne River Sioux Tribe
1313 Mt. Rushmore Rd
Rapid City, SD, 57701
Pennington County
605-791-1832
INDIVIDUAL CAPACITY & OFFICIAL CAPACITY

IV.    Statement of claim (State as briefly as possible the facts of your case. Describe how each defendant is involved. You must state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved, dates, and places. Be as specific as possible. You may use additional paper if necessary):

*Please see attached*

V.    Relief (State briefly and exactly what you want the Court to do for you.)

*Please see attached*

3

DSD 12-12

VI.    **MONEY DAMAGES:**

A) Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

YES [X]                    NO [   ]

B) If your answer to "A" is YES, state below the amount claimed and the reason[s] you believe you are entitled to recover such monetary damages:

Please see attached.

VII.    Do you maintain that the wrongs alleged in the complaint are continuing to occur at the present time?

YES [X]                    NO [   ]

VIII.    Are you requesting a Jury Trial?

YES [X]                    NO [   ]

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 28 day of October, 2025

for all Barleys

Signature of Plaintiff[s]

4

II. Basis for Jurisdiction.

A.

B.      We believe the following Constitutional rights have been violated:
        First Amendment Right
        Fourth Amendment Right
        Fifth Amendment Right
        Sixth Amendment Right
        Eighth Amendment Right
        Fourteenth Amendment Right

C.

D.

The Department of Social Services-Child Protective Services acted under color of state law, using their state government agency to deprive the Plaintiffs of their Fourth, Fifth, Eighth and Fourteenth amendment rights. DSS also acted under color of state law to deprive the plaintiffs of their statutory rights covered under the Indian Child Welfare Act (ICWA) federal law 25 USC Chapter 21.

Ethan Bohle acted under color of state law, using his position as a caseworker for the Department of Social Services of South Dakota to deprive the plaintiffs of their Fourth and Fifth amendment rights. Ethan Bohle also acted under color of state law to deprive the plaintiffs of their statutory rights covered under the Indian Child Welfare Act (ICWA) federal law 25 USC Chapter 21.

Rochelle Heinman acted under color of state law, using her position as an intake caseworker for the Department of Social Services of South Dakota to deprive the plaintiffs of their Fourth, Fifth and Fourteenth amendment rights. Rochelle Heinman also acted under color of state law to deprive the plaintiffs of their statutory rights covered under the Indian Child Welfare Act (ICWA) federal law 25 USC Chapter 21.

Ashley Zens acted under color of state law, using her position as a Supervisor of the above caseworkers with the Department of Social Services of South Dakota to violate the plaintiffs Fourth, Fifth and Fourteenth amendment rights. Ashley Zens also acted under color of state law to deprive the plaintiffs of their statutory rights covered under the Indian Child Welfare Act (ICWA) federal law 25 USC Chapter 21.

Karla Nelson acted under color of state law, using her position as the Brown County States Attorney for the State of South Dakota to deprive the Plaintiffs of their First, Fourth, Fifth, Sixth, Eighth and fourteenth amendment rights. Karla Nelson also acted under color of state law to deprive the plaintiffs of their statutory rights covered under the Indian Child Welfare Act (ICWA) federal law 25 USC Chapter 21.

Plaintiffs are aware that Karla Nelson is subject to absolute immunity in civil proceedings against her and that the burden of proof to include her in these claims is much higher and has been found in the fact that the defendant's conduct violated a constitutional and/or statutory right and conducting herself with investigative work including fabricating evidence.

Judge Tony Portra acted under color of state law by using his position as 5th Judicial Court Judge for the State of South Dakota, to violate the Plaintiffs, First, Fourth, Fifth, Sixth, Eighth and Fourteenth amendment rights. Judge Tony Portra also acted under color of state law to deprive the plaintiffs of their statutory rights covered under the Indian Child Welfare Act (ICWA) federal law 25 USC Chapter 21.

Plaintiffs are aware the Judge is protected by Qualified and Absolute immunity unless he is "in the clear absence of all jurisdiction." Which we can prove is true.

Aberdeen Police Department acted under color of state law by using their positions as Police Officers for the City of Aberdeen to deprive the plaintiffs of their First, Fourth, Fifth, Sixth, Eighth, and Fourteenth amendment rights. Aberdeen Police Department also acted under color of state law to deprive the plaintiffs of their statutory rights covered under the Indian Child Welfare Act (ICWA) federal law 25 USC Chapter 21.

Childrens Home Society acted under color of state law by using their position as a state funded group home for children to deprive the plaintiffs of their Fourth, Fifth and Fourteenth amendment rights. Childrens Home Society also acted under color of state law to deprive the plaintiffs of their statutory rights covered under the Indian Child Welfare Act (ICWA) federal law 25 USC Chapter 21.

Chris Dohrer acted under color of state law by using his position as a court appointed attorney for the State of South Dakota to violate the plaintiffs Fifth, Sixth, Eighth and Fourteenth amendment rights. Chris Dohrer also acted under color of state law to deprive the plaintiffs of their statutory rights covered under the Indian Child Welfare Act (ICWA) federal law 25 USC Chapter 21.

Christy Griffin-Serr acted under color of state law to deprive the plaintiffs of their Fifth, Sixth, Eighth, and Fourteenth amendment rights. Christy Griffin-Serr also acted under color of state law to deprive the plaintiffs of their statutory rights covered under the Indian Child Welfare Act (ICWA) federal law 25 USC Chapter 21.

Dana Hana acted under color of state law by using his position as the attorney for ICWA in the Cheyenne River Sioux Tribe's jurisdiction to deprive the Plaintiffs of their statutory rights protected under ICWA, 25 USC Chapter 21, in that he knew that the children in this case were "wards of the Tribal Court" he represented, first and foremost and chose to ignore jurisdiction placement for these children. He then directed the Cheyenne River Sioux Tribe's ICWA Director, Ms. Diane Garreau, to do the same.

III.

1) DSS-Aberdeen violated the plaintiffs 4th amendment right on April 2021 up until present day in Aberdeen, SD by illegally seizing Lyrik Banley & Jonaea Johnson from their home on April 21st 2021 in Aberdeen SD and illegally keeping them from their mother Christian. Even after the UA given to Christian that day was proven to be clean through the state lab, the girls were not returned to their mother. This UA was the basis for removing the girls from their home that day. DSS lied to Christian that they had custody of the girls and she could not access them without their permission when in reality, DSS

did not gain custody of the girls until July of 2021. When Pam suffered a stroke in October of 2021, the girls were taken into foster care placement. When she healed and was ready for the girls back, DSS told her no. When Pam and Thad went through extensive training through LSS to become State certified foster parents so they could foster and adopt the girls, DSS denied them on false grounds, even going as far to claim instability in the Banleys and accusing them of not being a part of the girl's treatment plans. But DSS said the Banleys being allowed in their treatment plans was not allowed.

2) Plaintiffs 5th amendment rights were violated when caseworker Rochelle Heinmen spoke with Christian as a caseworker under the false information that she had custody of the girls when she in fact did not have custody of them. Rochelle used this lie to convince Christian to "work with her" to get the girls back. Then Rochelle utilized anything Christian told her to try and build a case against her to deem her unfit. It took Rochelle about 2 months to come up with anything from Christians PAST to deem her unfit and ACTUALLY gain custody of the girls. DSS allowed Christian to speak freely with them knowing that she should consult her lawyer first but never told her that. DSS often lied in court and on documentation, and when Christian or Thad and Pam would dispute a lie out loud, nobody would investigate the said allegation by DSS.

3) DSS violated the plaintiffs 8th amendment right by recommending to the courts that Christians rights be terminated to the girls, regardless of evidence of abuse or neglect, even when the abuse and neglect criminal charges were dismissed. The mental anguish this family has endured with lack of evidence of any abuse or neglect is beyond cruel, and is definitely unusual for an organization claiming to want to keep families together but doing the absolute opposite. Lyrik and Jonaea's 8th amendment rights have been violated by being moved around from home-to-home instead of placed at home with Christian (their mother) when all dangers were eliminated to work with Christian in the home. The girls are now medicated with medications for things they are NOT diagnosed with. THIS alone is cruel and unusual punishment to the girls because this negatively affects their mental growth and harms their bodies physically. THIS IS MEDICAL NEGLECT.

4) DSS violated plaintiffs 14th amendment right by denying the grandparents, Pamela and Thaddeus Banley, the option to adopt their granddaughters; even through foster care placement after lengthy training through LSS and having been vital in their upbringing their whole lives. The girl's mental health is at an all-time low and we are worried for their safety. DSS violated the Federal Law, ICWA, by not having a 48 hour hearing, not returning jurisdiction to the Tribal Courts that Lyrik and Jonaea are wards of.  SD-DSS did not meet the requirements by ICWA to remove the girls from their home, they did not prove they tried any actual reunification as required by ICWA, and they did not try their hardest to keep the girls with family, a Native Family, Native American placement or to return the children home the way ICWA requires. In fact, SD-DSS ignored ICWA all together. They are currently violating the girls 8th amendment rights by subjecting them to a facility who over-medicates them for things they are not diagnosed with. DSS knowingly signs-off on this as the girls guardians.


Ethan Bohle-CPS Caseworker violated the Plaintiffs 4th amendment right from April 2021 until July 2023 in Aberdeen, SD in the fact that he helped DSS obtain and keep

custody of the girls from the Plaintiffs by lying in court documents and never being investigated. He violated the Plaintiffs 5th amendment rights by twisting anything Christian or Pam told him. He refused to talk to Pam and was extremely rude to her UNLESS he wanted information from her. He knew her mentality was slower than before her stroke and he took full advantage of it. Even claiming that Pam must not have remembered telling him certain things that she simply didn't. Claiming she told him she saw things on facebook about Christian being in the psych ward recently. Pam does not and has not ever had or used facebook. If Ethan didn't have the answer to something, he would
make something up to fill in the blanks himself. Ethan violated the Federal Law known as ICWA by not actually trying to reunify the family as required by ICWA law.

Rochelle Heinman violated the plaintiffs 4th amendment right on April 2021 until about July 2023 in Aberdeen, SD in the fact that she helped DSS illegally seize Lyrik and Jonaea by convincing Christian that she had custody of the girls when she didn't. Therefore stopping Christian from allowing her into her home to "work with her to get them back" where Rochelle then violated the plaintiffs 5th amendment right in continuing with the lies to get Christian to slowly incriminate herself, until Rochelle could actually gain custody of the girls. In a sense, this is kidnapping! The plaintiffs 14th amendment rights were violated by Rochelle when she did not follow ICWA, nor reach out to ICWA according to Federal Law, nor ensuring that the girls, who were "wards of the Tribal Court" prior to this case, were sent to the correct jurisdiction.

Ashley Zens violated the plaintiffs 4th amendment rights on April 2021 through June 2023 in Aberdeen SD by allowing any case worker below her to lie and ignore federal law pertaining to the girls. She violated the plaintiffs 5th amendment rights by not checking in on if caseworkers claims and allegations were true or not. Ashley Zens violated the plaintiffs 14th amendment rights by yet again, not fact checking anything that was coming to her desk in regards to the girls case. Ashley Zens violated the Federal Law known as ICWA by ignoring that the children under her caseworker's care were in fact, "wards of
a Tribal court" before CPS intervention, and did not motion to transfer to the correct jurisdiction. Ashley further violated ICWA by not requiring her caseworkers under her to try proper reunification efforts, and kept signing off on her caseworker's suggestions regardless of the fact that they would not meet ICWA requirements for removal and continued removal.

Karla Nelson violated the plaintiffs 1st amendment rights between April 2021-June 2023 in Aberdeen SD by utilizing various things said by plaintiffs to help their case in getting help with the kids to use against them in the court of law in the abuse and neglect case. Example: Christian made it known she was choosing adoption for a pregnancy that started before the CPS case started. Karla then publicly, in court mocked Christian for choosing adoption for the unborn baby. She violated the plaintiffs 4th amendment rights by continuing to encourage the court to keep the girls illegally from their mother, even when there was no present danger situation. She refused to acknowledge that the Cheyenne River Sioux Tribe held exclusive jurisdiction to the girls under ICWA  and continued to have
them placed in State care and away from their Native American extended family. She

violated the plaintiffs 5th amendment rights by constantly accusing Christian of things in court, without proper time to consult with her lawyer on said accusations, therefore not giving Christian the right to due process in defending herself in court. She violated the plaintiffs 6th amendment rights by allowing Christian and Joshua to continue through the court process knowing that the attorneys given to them were not representing them correctly in their legal capacity. She violated the plaintiffs 8th amendment rights by suggesting termination to the parents regardless of no evidence of abuse or neglect being present and all criminal charges in regards to the situation being dismissed. She violated the plaintiffs 14th amendment rights by calling in Aberdeen Police Department to testify against Christian even though the case attached to the CPS case was not a closed investigation and had nothing to do with the CPS case at hand anymore. The charges that they testified and used were eventually dismissed therefore making their statements irrelevant. These police officers knew nothing of Christian as a parent other than her personal criminal matters which were all misdemeanors and usually only driving offenses. Karla Nelson violated the Federal Law known as ICWA by not transferring the case back to the reservation when she was informed that the girls were wards of a tribal court; therefore giving the reservation exclusive jurisdiction over the case. Karla Nelson did not initiate a 48 hour hearing as required by ICWA law. She did not inform the tribe of the presence of Native American children by certified mail. She did not make sure DSS and CPS met the requirements for removal and continued removal of the children. Karla Nelson blatantly ignored ICWA any chance she got. She lied on the behalf of the state any chance she got, therefore the factual basis required by ICWA to move forward with custody was not there.

Judge Portra violated the plaintiffs 1st amendment rights from April 2021 to June 2023 in Aberdeen SD by using things from Christians past against her. He violated the plaintiffs 4th amendment rights by allowing the illegal seizure and continued seizure of Christians children from her knowing he was not in the jurisdiction to do so and the lack of evidence to prove they were in any danger to be taken from Christian for an extended period of time. He also lacked the jurisdiction to place the girls in a residential facility and not with their family. He also never allowed the kids to speak alone with the parents which left many questions left unanswered when the girls tried to tell the mother things they were in fear of. He violated the plaintiffs 5th amendment rights by failing to follow due process according to ICWA. He should have never oversaw the court hearings for the girls knowing that they were wards of a tribal court, not a state court. He violated the plaintiffs 6th amendment rights by knowing that the court appointed counsel to the parents and children were not working directly for them, but for the state's best interests instead. He violated the plaintiffs 8th amendment rights by terminating parental rights to the girls Mom and Dads. There was no sufficient evidence to support the idea that they were in grave danger if to be returned to Mom. Especially after the initial UA came back clean, and the charges were dropped against Mom. He never had a valid FACTUAL reason for why Christian, Cy or Elijah deserved to have their rights terminated. He violated the plaintiffs 14th amendment rights by violating ICWA and claiming jurisdiction to a case he had none over. He also violated the Federal Law ICWA by not following a single statute written in the law.

Aberdeen Police Department violated the plaintiff's 1st amendment rights in April of 2021 and June of 2023 in Aberdeen SD by using and twisting words from Christian and others to charge her with criminal charges that did not fit. They violated the plaintiffs 4th amendment rights by illegally seizing Christian's girls from her after having a detective, known to have prior issues with Christian, give Christian a UA that came back from the state lab "incorrect". They seized the girls and claim that Christian abandoned them with the Aberdeen Police to go to jail, when in fact, Christian did not abandon them.  She had her parents on the way to pick them up. Instead of letting Christian stay with the kids until her parents arrived, they forced her to go to the jail ahead of time. The Aberdeen Police Officers that testified violated the plaintiff's 5th amendment rights by not following their own procedures when it came to testifying against Christian, and by using an open case that was later dismissed, to slander her at her termination hearing. They claimed untrue things about Christian as a parent. They violated Christians 8th amendment rights by charging her with things that did not fit the circumstances. They violated the plaintiffs 14th amendment rights by not following due process and not engaging in trial against her on an open case.

Childrens Home Society violated the plaintiffs 4th amendment rights between October 2021 through present day in Sioux Falls, SD by illegally keeping the girls from their mother at direction of the state, knowing the girls should have been protected by ICWA and with their family members at the very least. They violated the plaintiffs 5th amendment rights by using anything Christian said to them, against her in case reports to DSS instead of helping her. They are violating the kid's 8th amendment rights by medicating them with medication they do not need THIS IS MEDICAL NEGLIGENCE considering the medication they are on have very toxic interactions, and these girls are not diagnosed with the things they're being medicated for; overlooking the emotional and mental damage CPS was causing them without any evidence that they were in danger with their mother. They violated the plaintiffs 14th amendment rights by not suggesting that the girls be reunited with their family when they saw there was no evidence that the girls were being neglected or abused.

Chris Dohrer violated Christian's 5th amendment rights between April 2021 and June 2023 in Aberdeen SD by not representing her in the manner that he was hired to do so. Which also violated her 6th amendment right. While he put in some effort to help Christian, he did not dig deep enough into her case to help her in the ways she asked for.  Including the appeal process after the rights were terminated which Christian asked for several times. Because of this, Christian's rights were terminated, which did not fit the circumstances and is a violation of her 8th amendment right. He violated her 14th amendment right by not representing Christian more than siding with the state. He also violated ICWA by not insisting that the case be transferred to the correct jurisdiction back on the reservation, knowing that his client's kids were wards of a tribal court and the State had no jurisdiction over them.

Christy Serr violated Joshua and the girls 5th amendment rights between April 2021 and June 2023 in Aberdeen SD by not following due process by meeting with the children, one of whom was old enough to tell her anything she needed to know as HIS guardian *ad litem*. She violated their *ad litem*. She violated their 6th amendment rights by providing no counsel to the children as her position required of her. She violated their 8th

amendment rights by siding with the state and not once with the children's actual best interests in mind, or even the children's  statements or feelings on the situation, and causing them to lose their families for no neglect or abuse. She violated their 14th amendment rights by failing to see where the kids stood, what their views or statements were, considering she was hired to represent them, but instead, she represented the state using their names. She violated ICWA by not insisting that the children she represented be sent back to the jurisdiction of the Cheyenne River Sioux Tribe that they exclusively belonged to.  Instead, she doomed the girls to be locked away in a residential facility instead of with family.

IV. Injuries.

In October of 2021, Pamela Banley suffered a stroke related to the stress of CPS. Which then caused a lot of mental anguish.  In 2023, Thad suffered multiple heart arythmia due to the stress of having lost the girls to the system. The emotional toll these grandparents took when they lost the children they helped raise, is inexcusable.

Christian suffered a miscarriage in 2022 due to stress that caused even more mental anguish. Joshua was medicated with med's he did not need while in custody of CPS and DOC placement. This took a toll on his physical body and forever has altered his mental health.

V. Relief.

We would like the Court to vacate Judge Portra's order, and send the case back to Cheyenne River Sioux Tribal Court jurisdiction where it belonged. We want the girls immediately released from the custody of the SD-DSS where they've been held in, and placed with their grandparents who have undergone extensive foster care training and have spotless criminal records. Thaddeus is an Army veteran, and retired from 30 years of working as a Manager for a Federal agency, the Indian Health Service; and was also an interim pastor to their family's church for 25 years. These grandparents raised the girls along with their mom. They have never broken contact with the girls in all of this time.

We would like to see:  Pamela reimbursed for the hospitalization and rehab costs due to her stroke in the amount of $90,000;  Thaddeus' heart attack hospitalization, rehab, and all the costs incurred $50,000 (after insurance) Christian's miscarriage, the doctor appointments insurance paid $40,000; for Thad and Pam's travel expenses to be with the girls for visits through the entirety of the case and now, credit card debt in excess of $12,000.00; for Joshua's lost wages due to mental health issues, $100,000 for the last 3 years.

In addition, incarceration costs for Christian after the state continued to retaliate against her, $65,000.

The mental and physical and emotional damage that Lyrik and Jonaea have suffered for over 3 years, $5.5 million dollars to them. Their entire childhood was ruined by the State. They are beyond mentally traumatized. They are emotionally unwell. If this had been a parent causing that kind of harm, the parent would be in prison for child abuse, would they not? And because this is a government agency,  we're supposed to allow them to abuse our children? If this government agency is so safe, why was there federal laws written in 1978 protecting children like mine from said agency?

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff   Brown
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Brown
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [X] 2   U.S. Government Defendant
- [ ] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 720 Labor/Management Relations | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 864 SSID Title XVI |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 865 RSI (405(g)) |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | **FEDERAL TAX SUITS** |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | [ ] 871 IRS—Third Party 26 USC 7609 |
| | | [ ] 555 Prison Condition | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | |

Other Statutes continued: [ ] 890 Other Statutory Actions [ ] 891 Agricultural Acts [ ] 893 Environmental Matters [ ] 895 Freedom of Information Act [ ] 896 Arbitration [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from Another District *(specify)*
- [ ] 6   Multidistrict Litigation - Transfer
- [ ] 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:   25 USC Chap. 21

Brief description of cause:   Violation of the Indian Child Welfare Act

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 6,915,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Christian Banley #3651
Brown County Jail
22 Court St, Suite 1
Aberdeen, SD 57401

Legal mail
1 of 3

Clerk, U.S. District Court
andrew W. Bogue Federal Bldg
+ U.S. courthouse
515 Ninth Street
Rapid City, SD, 57701

Christian Banley #3561
Brown County Jail
22 Court St, Suite 1
Aberdeen, SD 57401

Legal mail
2 of 3

Clerk - United States District Court
Andrew W. Bogue Federal Bldg.
& U.S. Courthouse
515 Ninth St.
Rapid City, SD, 57701



Christ
Brown
22 Court Street, Suite 1
Aberdeen, SD 57401

Retail





57701

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
ABERDEEN, SD 57401
NOV 12, 2025

**$3.00**

S2324M506029-3

CLERK, U.S. District Court
Andrew W. Bogue Federal Bldg & U.S. Courthouse
515 Ninth Street
Rapid City, SD  57701

X-RAYED BY
SOUTH DAKOTA
CSD