UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| CHRISTIAN MARIE BANLEY,<br><br>                Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF SOCIAL SERVICES, Child Protective Services-Aberdeen, SD, official capacity; ETHAN BOHLE, Caseworker, individual and official capacity; ROCHELLE HEINMAN, Intake Caseworker, individual and official capacity; ASHLEY ZENS, Supervisor, individual and official capacity; KARLA NELSON, Brown County Deputy States Attorney, individual and official capacity; JUDGE TONY PORTA, 5th Judicial Court Judge (Retired), individual and official capacity; ABERDEEN POLICE DEPARTMENT, Police Officers, official capacity; CHILDREN'S HOME SOCIETY OF SOUTH DAKOTA, Residential Treatment Group Home, official capacity; CHRIS DOHRER, Attorney at Law for Christian, individual and official capacity; CHRISTY GRIFFIN-SERR, Attorney at Law, Guardian at litem for Joshua, individual and official capacity; and DANA HANNA, Via the Estate of Dana Hanna, Attorney for the Cheyenne River Sioux Tribe, individual and official capacity,<br><br>                Defendants. | 1:25-CV-01020-CCT<br><br>**ORDER REQUIRING PLAINTIFF TO FILE PTAR OR PAY FULL FILNG FEE** |

Plaintiff Christian Marie Banley filed suit alleging violations of the Indian Child Welfare Act. Docket 1. Banley filed a motion for leave to proceed in forma pauperis and completed an AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Docket 2.

Banley is incarcerated at the South Dakota Women's Prison. Docket 1-1. Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). In order to determine the initial fee, a prisoner seeking leave to proceed in forma pauperis "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C.

2

§ 1915(a)(2). Therefore, Banley must submit a completed prisoner trust account report or, in the alternative, pay the full $405 civil complaint filing fee by **December 24, 2025**.

It appears from Banley's complaint that she was recently transferred from the Brown County Jail to the South Dakota Women's Prison. *See* Docket 1, Docket 1-1 at 2. If Banley is not able to provide a prisoner trust account report that reflects her average monthly deposits and average monthly balances for the past six months due to her recent transfer, this Court will evaluate her motion to proceed in forma pauperis based on the AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) that she has already submitted. Docket 2.

As a final matter, this Court notes that Banley lists several plaintiffs in her complaint. Docket 1 at 3. A pro se litigant, however, cannot represent someone other than herself in federal court. 28 U.S.C. § 1654 (stating that "parties may plead and conduct their own cases personally or by counsel"). Banley purports to sign the complaint "for all Banley's[.]"[1] Docket 1 at 7. But "[u]nder Rule 11(a) of the Federal Rules of Civil Procedure, each pro se party in the case must sign the complaint in order to properly bring this action before the Court." *Monroe v. Yankton Sioux Hous. Auth.,* No. 4:25-CV-04113-ECS, 2025 WL 1795824, at *2 (D.S.D. June 30, 2025) (quoting *Clay v. Purkett*, No. 06-CV-1859, 2007 WL 107758, at *1 (E.D. Mo. Jan. 9, 2007)). If Banley wishes

---

[1] Banley's complaint lists four total plaintiffs: herself, Pamela Banley, Thaddeus Banley, and Joshua Banley. Docket 1 at 3.

to include multiple plaintiffs in this case, she may submit an amended complaint signed by each plaintiff pursuant to Federal Rule of Civil Procedure 11(a).[2]

Thus, it is ORDERED:

1. That the Clerk of Court will send Banley a prisoner trust account report.

2. That Banley must return the completed prisoner trust account report or pay the full $405 civil complaint filing fee by **December 24, 2025**. If Banley's recent transfer precludes her from providing a prisoner trust account report reflecting information for the past six months, this Court will evaluate her motion for leave to proceed in forma pauperis based on the AO 239 she has already submitted.

3. That if Banley intends to include additional plaintiffs, she must file an amended complaint signed by all plaintiffs by **December 24, 2025**.

---

[2] To proceed in forma pauperis, each plaintiff must submit the required material. *See Stenseth v. Althoff*, No. 4:24-CV-04197-CCT, Docket 6 (D.S.D. Oct. 30, 2024). Therefore, if Banley files an amended complaint including additional plaintiffs, each plaintiff must file a motion for leave to proceed in forma pauperis and attach an AO 239 form. *Id.* at 1–2. Alternatively, if all parties choose to pay the full civil complaint filing fee, the parties shall collectively pay only one $405 filing fee to proceed with their case. *See id.* at 2–3 ("28 U.S.C. § 1915(b)(3) precludes the court from collecting more than one filing fee per case: 'In no event shall the filing fee collected exceed the amount of fees permitted by statute of the commencement of a civil action or an appeal of a civil action or criminal judgment.'" (quoting *Cole v. Houston*, No. 4:06CV3314, 2007 WL 1309821, at *1 (D. Neb. Mar. 30, 2007)).

4. That if Banley fails to comply with this order, her complaint will be dismissed without prejudice for failure to prosecute.

Dated November 25, 2025.

                                      BY THE COURT:

                                      /s/ *Camela C. Theeler*
                                      CAMELA C. THEELER
                                      UNITED STATES DISTRICT JUDGE